# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COLONY INSURANCE CO., | |
|                 Plaintiff, | Case No. 2:10-cv-01943-KJD-GWF |
| vs. | **ORDER** |
| HAROLD KUEHN, *et al.*, | Motion to Compel (#18) |
|                 Defendants. | |

      This matter is before the Court on Plaintiff Colony Insurance Company's Notice of Motion and Motion to Compel Discovery From Defendants Harold Kuehn, Thomas Gibson and Gibson & Kuehn, LLP (#18), filed March 29, 2011.

      Plaintiff requests an order compelling 1) Defendant Harold Kuehn to respond to Colony Insurance Co.'s first set of interrogatories and first set of requests for production; 2) Defendants Thomas Gibson and the law firm of Gibson & Kuehn, LLP to respond to Colony Insurance Co.'s first set of requests for production; and (3) Defendant Kuehn, Gibson and Gibson & Kuehn to provide their Fed.R.Civ.P. 26 initial disclosures. (#18). To date, no party has responded to this motion and the time for opposition has now passed. LR 7-2(d) states in pertinent part, that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." As a result, the Court will grant Plaintiff's motion to compel (#18).

      In addition, because Defendants failed to timely respond to Plaintiff's discovery requests, Defendants shall substantively respond without objection. A party who fails to serve responses or objections in a timely manner has waived any and all objections to discovery requests. Fed.R.Civ.P. 33(b), 34(b); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (finding waiver of objections due to untimely response to requests for production); *David v. Fendler*,

650 F.2d 1154, 1160 (9th Cir. 1981) (finding waiver of objections due to untimely response to interrogatories).  See also *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) (stating that "there is consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections."); *Ramirez v. County of Los* Angeles, 231 F.R.D. 407, 409-10 (C.D.Cal. 2005).  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Colony Insurance Company's Motion to Compel Discovery From Defendants Harold Kuehn, Thomas Gibson and Gibson & Kuehn, LLP (#18) is **granted** as follows:

1. Defendant Harold Kuehn shall substantively respond without objection to Plaintiff's first set of interrogatories and first set of request for production by **May 9, 2011**;

2. Defendants Thomas Gibson and the law firm of Gibson & Kuehn, LLP shall substantively respond without objection to Plaintiff's first set of requests for production by **May 9, 2011**; and

3. Defendant Kuehn, Gibson and Gibson & Kuehn shall provide their Fed.R.Civ.P. 26 initial disclosures to Plaintiff by **May 9, 2011**.

**IT IS FURTHER ORDERED** that the hearing on this matter scheduled for Thursday, April 28, 2011 is **vacated**.

DATED this 20th day of April, 2011.

_____
GEORGE FOLEY, JR.
**United States Magistrate Judge**