# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

COLONY INSURANCE CO.,

          Plaintiff,

vs.

HAROLD KUEHN, *et al.*,

          Defendants.

Case No. 2:10-cv-01943-KJD-GWF

**ORDER**

**Motion Seeking Sanctions Against Defendant Harold Kuehn - #40**

This matter is before the Court on Plaintiff's Motion Seeking Sanctions Against Defendant Harold Kuehn (#40), filed on July 5, 2011; the Fallini Defendants' Opposition to Plaintiff's Motion for Sanctions (#43); and Plaintiff's Reply Brief in Support of Its Motion for Sanctions (#45), filed on August 1, 2011. The Court conducted a hearing in this matter on August 10, 2011.

## BACKGROUND

This case involves a lawsuit for declaratory judgment regarding whether Plaintiff Colony Insurance Company ("Colony") has a duty to defend or indemnify Defendants Harold Kuehn, Thomas Gibson and their law firm, Gibson & Kuehn, LLP, in regard to a legal malpractice action brought against them by Susan and Joe Fallini, who are also joined as defendants in this action. According to the allegations of the Fallinis' legal malpractice complaint, which was filed in September 2010, Mr. Kuehn, Mr. Gibson and Gibson & Kuehn, LLP negligently represented Susan Fallini in a wrongful death lawsuit brought against her by the Estate of Michael David Adams ("Adams") in 2007. (A cow belonging to Mrs. Fallini had apparently got loose onto the highway, resulting in a fatal collision with the motor vehicle driven by Mr. Adams.) Mrs. Fallini retained attorney Harold Kuehn to defend her in the wrongful death action brought by Adams, as she was not covered by liability insurance for the incident.

The Fallinis' malpractice complaint alleges that Mr. Kuehn failed to respond by December 31, 2007, as required, to requests for admissions that were served by Adams' attorney. This resulted in the requests being deemed admitted. Adams thereafter filed a motion for partial summary judgment on the issue of liability in May 2008. Mr. Kuehn failed to respond to that motion and it was granted on July 29, 2008. Adams served additional discovery requests in July 2008, to which Mr. Kuehn also failed to respond. *See Complaint for Declaratory Relief (#1), Exhibit 1, Fallinis' malpractice complaint*, ¶¶ 6-14. According to Plaintiff Colony's complaint, Adams filed a motion to compel responses to this discovery in March 2009. Mr. Kuehn agreed at a court hearing in April 2009 that the discovery was warranted and that sanctions for his failure to respond were also warranted. Mr. Kuehn, however, failed to comply with the order compelling discovery responses and failed to pay the sanction awarded by the court. Adams filed a motion to strike Mrs. Fallini's answer and counterclaim on June 16, 2009. In response to that motion, Mr. Kuehn acknowledged that the noncompliance with the court's order was his fault and he requested that sanctions be imposed on him rather than on Mrs. Fallini. On July 17, 2009, the court ordered Mr. Kuehn to comply with the court's sanction order and pay an additional sanction by August 12, 2009. Mr. Kuehn did neither. After further motions, hearings and orders, the court entered an order on November 4, 2009, striking Mrs. Fallini's answer and counterclaim. The court thereafter entered a default judgment against Mrs. Fallini on February 4, 2010. *Complaint for Declaratory Judgment (#1)*, ¶¶ 21-43.

Colony insured Mr. Kuehn, Mr. Gibson and Gibson & Kuehn, LLP under a "claims made" legal malpractice insurance policy that was in effect from April 13, 2009 to April 13, 2010. The policy contains an exclusion which provides that it does not apply to any claim based on, or directly or indirectly arising from, a "'Legal Service' rendered prior to the effective date of the Policy if any insured knew or could have reasonably foreseen that the 'Legal Service' could give rise to a 'Claim.'" *Complaint (#1)*, ¶ 17. The policy imposes various duties on the insureds, including the duty to notify the insurer of a claim and to cooperate with and provide information to the insurer in the investigation and handing of a claim. *Id.* ¶ 19.

. . .

Mr. Kuehn sent written notice to Colony on September 25, 2009 regarding "a legal malpractice claim" involving the Adams lawsuit. Mr. Kuehn's letter reportedly stated that he had failed to timely respond to the motion for partial summary judgment which resulted in the motion being granted. *Complaint (#1)*, ¶50. Colony alleges that after receiving this notification, it repeatedly attempted to contact Mr. Kuehn and Gibson & Kuehn, LLP to investigate the matter, but they failed or refused to respond. Colony alleges that it was not until May 26, 2010 that Defendant Thomas Gibson responded to Colony's inquiries about the Adams lawsuit. *Id.* ¶¶ 51-52. Colony alleges that Mr. Kuehn and/or Mr. Gibson must have known or have reasonably foreseen prior to applying for renewal of the policy in March 2009 that a legal malpractice claim could arise in regard to the Adams lawsuit. Colony also alleges that Mr. Kuehn violated the conditions of the policy by assuming or admitting liability for legal malpractice without Colony's consent and that Mr. Kuehn, Mr. Gibson and Gibson & Kuehn, LLP violated their duties of cooperation under the policy. Colony therefore alleges that it has no duty to defend or indemnify Mr. Kuehn, Mr. Gibson or Gibson & Kuehn, LLP in regard to the Fallinis' malpractice claim.

Defendant Harold Kuehn filed an answer in proper person to Colony's complaint on January 20, 2011. *Defendant Kuehn's Answer (#12)*. Mr. Kuehn denies that Colony is entitled to a declaratory judgment and states that his "actions or omissions are relevant as to his mental state during relevant times," and that "[a] court declaration that Plaintiffs have no responsibility to defend or indemnify the Defendants should require a full evidentiary hearing on the merits after full and complete discovery." *Answer (#12)*, ¶ 79. Mr. Kuehn further states that he never informed Mr. Gibson of the existence of the Adams v. Fallini case until May 26, 2010 (the date that Mr. Gibson apparently first communicated with Colony), that he did not record the Adams v. Fallini file into the law firm's data base, did not maintain a physical file in the law firm's office, and that he did not disclose the existence of the Adams v. Fallini case or the alleged malpractice issues to Mr. Gibson. ¶¶ 85-88. Mr. Kuehn also alleges that prior to the renewal of the policy in March 2009, Mr. Gibson asked him and another lawyer in the firm whether they were aware of any pending malpractice issues. Mr. Kuehn states that he and the other attorney answered in the negative. ¶¶ 92-94. Mr. Kuehn therefore alleges that Mr. Gibson and the law firm had no reason to know of the potential

1    malpractice claim arising from the Adams v. Fallini case prior to Mr. Gibson's first communication
2    with Colony on May 26, 2010.[1]

3         The parties, including Defendant Harold Kuehn, submitted a stipulated discovery plan and
4    scheduling order which was approved by the Court on January 31, 2011.  Colony served
5    interrogatories on Mr. Kuehn on January 26, 2011 and also served the same set of requests for
6    production of documents on Mr. Kuehn, Mr. Gibson and Gibson & Kuehn, LLP, on the same date.
7    *Motion for Sanctions (#40), Exhibits A* and *B*.  The interrogatories asked Mr. Kuehn, among other
8    things, to state when he first became aware of a "claim" as defined in the policy relating to the
9    Adams lawsuit, whether he was aware prior to April 13, 2009 (the effective date of the policy) of
10   any "legal service" that could give rise to a "claim" as defined in the policy relating to the Adams
11   lawsuit, and to describe any disability or condition that impacted his fitness or competency to
12   practice law between October 31, 2007 and the present, including any communications with any
13   court, the officials of Nye County, Nevada or the State Bar of Nevada concerning any such
14   disability or condition.   Colony's requests for production to all three Defendants sought documents
15   relevant to these same questions or issues.

16        On March 29, 2011, Colony filed a motion to compel Mr. Kuehn to respond to
17   interrogatories and requests for production of documents, and to also compel Mr. Gibson and
18   Gibson & Kuehn, LLP, to respond to requests for production of documents.  *Motion to Compel*
19   *(#18)*.  The motion also sought an order compelling all three "lawyer" defendants to provide their
20   initial disclosures pursuant to Fed.R.Civ.Pro. 26(a).  According to Colony's motion, Mr. Kuehn did
21   not provide discovery responses or initial disclosures by their respective due dates in late February
22   2011.  Colony sent a letter to Mr. Kuehn on March 4, 2011 advising him that his discovery
23   responses and initial disclosures were overdue and requested that they be provided.  Mr. Kuehn
24   wrote back on March 7th and requested an extension until March 11, 2011.  On March 9, 2011,
25   Colony granted Mr. Kuehn's request for an extension.  Mr. Kuehn still did not provide discovery

26   ─────────────
27        [1] Thomas Gibson filed a substantially similar answer in proper person on January 19, 2011.
     *Answer (#11)*.  The answer filed by Gibson & Kuehn, LLP, on January 21, 2011 also contains
28   similar denials and affirmative representations.  *Answer (#13)*.

responses or initial disclosures, and Colony therefore filed its motion to compel. Mr. Gibson and Gibson & Kuehn, LLP failed to serve responses to the requests for production or initial disclosures, and Colony therefore also moved to compel responses and disclosures from them. None of the Defendants filed a written response to Colony's motion to compel. The Court therefore granted the motion on April 20, 2011 and ordered Mr. Kuehn, Mr. Gibson and Gibson & Kuehn, LLP to serve their discovery responses and initial disclosures by May 9, 2011. *Order (#25)*.

Mr. Kuehn did not comply with the order to compel. He also failed to file a written response to Colony's instant motion for sanctions and he did not appear at the August 10, 2011 hearing on this motion. Although Mr. Kuehn did not respond to Colony's motion for sanctions, the Fallini Defendants did. *See Opposition to Motion for Sanctions (#43)*.

## **DISCUSSION**

Rule 37(b)(2) provides that the Court may impose sanctions on a party who fails to obey an order to provide or permit discovery. The sanctions may include an order (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Rule 37(c)(1)(C) also provides that the court may impose similar sanctions for a party's failure to provide the disclosures required by Rule 26(a) or (e). The determination of whether to impose sanctions and which sanctions to impose under Rule 37(b) rests within the sound discretion of the district court. *Watec Company, Ltd. v. Palmieri*, 2008 WL 2486024, *6 (D.Nev. 2008), citing *Merrell v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir.1980) (citing Fed.R.Civ.P. 37( b)( 2)).

Colony requests that Mr. Kuehn be precluded from presenting any evidence regarding his mental state at any time, including any mental incapacity or condition; (2) that Mr. Kuehn be precluded from presenting any evidence regarding any affirmative defense; (3) that Mr. Kuehn's affirmative defenses be stricken; and (4) that Colony be awarded its reasonable attorney's fees against Mr. Kuehn relating to the motion for sanctions. *Motion for Sanctions (#40), p. 11*. Colony anticipated that the Defendants would argue that Mr. Kuehn's alleged mental problems have impaired his ability to respond to discovery or otherwise defend this declaratory judgment action. Colony asserts that Mr. Kuehn is an attorney "in good standing" in the State of Nevada and

regularly represents defendants as a public defender under contract to Nye County, Nevada. Colony attached records to its motion which show that Gibson & Kuehn, LLP has a contract to provide public defender services to Nye County through 2014. Colony also attached records from the Nye County Justice Court in Pahrump which show that Mr. Kuehn was scheduled to appear as counsel in three criminal cases, including a trial during the week of June 20-24, 2011. *Motion (#40), Exhibits H* and *I*. During the August 10, 2011 hearing on the motion for sanctions, the Court asked the attorney for Defendant Gibson & Kuehn, LLP whether Mr. Kuehn is still a partner in the law firm and Defendant's counsel indicated that he is.

In their opposition to Colony's motion, the Fallini Defendants state that "the same pattern of behavior is being repeated in this case, and Colony seeks to take advantage of the obvious disability of Kuehn in order to escape insurer liability to Kuehn's victims, the Fallini's." *Opposition (#43), p. 2*. The Fallini Defendants further state:

> Rather than perfunctorily disposing of the case by default, the matter should be looked into a little further, especially in light of the fact that Kuehn's self destructive behavior seems to be a pattern. As an explanation for Kuehn's defaults, his partner, Gibson, has repeatedly offered the explanation that he had a "breakdown" or that he has "gone off his meds", and that he (Kuehn) committed the same serial non-feasance in representing Gibson on his divorce, costing him many thousands of dollars.

*Id.*

Colony points out that the Fallini Defendants' factual assertions regarding Mr. Kuehn's mental state are not supported by any competent evidence. Mr. Kuehn, of course, has not responded to Colony's interrogatories or other discovery requests relating to his mental condition. Defendant Thomas Gibson, in his answers to interrogatories, stated only that "[t]he nature of Mr. Kuehn's disability is based upon my personal observations. Having heard others recount events regarding Mr. Kuehn, Mr. Kuehn made a statement to me that he had taken medication for depression in his past. Said statement was made some time after May 2010." *See Second Motion to Compel and for Sanctions Against Thomas Gibson and Gibson & Kuehn, LLP (#41), Exhibits H* and I, Answer to Interrogatory No. 7. Colony also points out that it does not seek default sanctions against Mr. Kuehn at this time.

. . .

1   As the court in *Watec Company, Ltd. v. Palmieri*, states:

2   > A court's use of sanctions, however, is tempered by the requirements of due process. For instance, "when it has been established that failure to comply [with court discovery orders] has been due to inability, and not to willfulness, bad faith, or any fault of [the disobedient party]," sanctions such as dismissal or default judgment are improper. *Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). Thus, default judgment may not be imposed when the failure to comply with discovery orders is due to circumstances beyond the noncompliant party's control. *G-K Properties v. Redevelopment Agency of San Jose,* 577 F.2d 645, 648 (9th Cir.1978) (citing *Societe Internationale, supra* ) (other citations omitted).

*Id.* at *6.

Although Colony does not seek the sanction of default against Mr. Kuehn at this time, an order precluding Mr. Kuehn from introducing evidence and striking his affirmative defenses would not only have the effect of precluding his ability to defend this action, it will also seriously impair the Fallini Defendants' ability to defend this action. Mr. Kuehn's conduct in the underlying wrongful death action and in this case raise serious questions about his competence or fitness to practice law. The information before the Court indicates, however, that Mr. Kuehn continues to practice law in Nevada courts. He continues to work in the same law firm with the Co-Defendant Thomas Gibson, who has apparently not deemed it necessary to either disassociate himself from Mr. Kuehn in the practice of law or to raise the issue of his competency or fitness with the Nevada State Bar. *See* Rule 8.3(a) of the Nevada Rules of Professional Conduct. On this record, the Court cannot find that Mr. Kuehn's failure to comply with the discovery order is due to circumstances beyond his control.

Although it is debatable whether the Fallini Defendants can defeat Colony's complaint for declaratory judgment, with or without Mr. Kuehn's participation or cooperation, the Court will limit the sanctions order against Mr. Kuehn so as to not unfairly prejudice the Fallini Defendants' right and ability to defend against Colony's complaint for declaratory judgment. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion Seeking Sanctions Against Defendant Harold Kuehn (34) is **granted**, in part, and **denied**, in part as follows:

. . .

(1) Defendant Kuehn is precluded from presenting any evidence regarding his mental state at any time, including any mental incapacity or condition;

(2) Defendant Kuehn is precluded from presenting any evidence regarding any affirmative defense alleged in his answer to the complaint; and

(3) Plaintiff Colony Insurance Company is awarded its reasonable attorney's fees against Mr. Kuehn relating to the motion for sanctions.

(4) Counsel for Plaintiff shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motions addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

(5) Defendant Kuehn shall have 15 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

(6) Counsel for Plaintiff shall have 11 days from service of the responsive memorandum in which to file a reply.

**IT IS FURTHER ORDERED** that the Clerk shall mail a copy of this Order to the Nevada State Bar counsel for whatever investigation or action bar counsel deems appropriate with respect to attorneys Harold Kuehn and Thomas Gibson, and the law firm of Gibson & Kuehn, LLP.

DATED this 29th day of August, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge