# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

COLONY INSURANCE CO.,

           Plaintiff,

vs.

HAROLD KUEHN, *et al.*,

           Defendants.

Case No. 2:10-cv-01943-KJD-GWF

**ORDER**

**Motion to Compel and for Sanctions - #41**

      This matter is before the Court on Plaintiff Colony Insurance Company's Second Motion to Compel and for Sanctions Against Thomas Gibson and Gibson & Kuehn, LLP (#41), filed on July 5, 2011; Defendants' Opposition to Plaintiff's Second Motion to Compel and for Sanctions (#4), filed on August 1, 2011; Defendant's Errata to Opposition to Second Motion to Compel and for Sanctions (#46), filed on August 4, 2011; and Plaintiff's Reply Brief in Support of its Second Motion to Compel and for Sanctions (#47), filed on August 8, 2011. The Court conducted a hearing in this matter on August 10, 2011.

## **BACKGROUND**

      This case involves a lawsuit for declaratory judgment regarding whether Plaintiff Colony Insurance Company ("Colony") has a duty to defend or indemnify Defendants Harold Kuehn, Thomas Gibson and their law firm, Gibson & Kuehn, LLP, in regard to a legal malpractice action brought against them by Susan and Joe Fallini, who are also joined as defendants in this action.

      According to the Fallinis' underlying malpractice complaint, which was filed in September 2010, Mr. Kuehn, Mr. Gibson and Gibson & Kuehn, LLP negligently represented Susan Fallini in a Nevada state court wrongful death lawsuit brought against her by the Estate of Michael David

Adams ("Adams") in 2007. The Fallinis allege that Mr. Kuehn failed to respond to requests for admissions that were served by Adams. As a result, the requests were deemed admitted. Mr. Kuehn thereafter failed to respond to a motion for partial summary judgment on the issue of liability, and the motion was granted on July 29, 2008. Mr. Kuehn subsequently failed to respond to additional discovery served by the Adams, failed to comply with orders compelling discovery responses, and failed to pay monetary sanctions awarded by the court. As a result of these failures, the state court entered a default judgment against Mrs. Fallini on February 4, 2010. *Complaint for Declaratory Judgment (#1)*, ¶¶ 21-43.

Colony insured Mr. Kuehn, Mr. Gibson and Gibson & Kuehn, LLP under a "claims made" legal malpractice insurance policy that was in effect from April 13, 2009 to April 13, 2010. The policy contains an exclusion which provides that it does not apply to any claim based on, or directly or indirectly arising from, a "'Legal Service' rendered prior to the effective date of the Policy if any insured knew or could have reasonably foreseen that the 'Legal Service' could give rise to a 'Claim.'" *Complaint (#1)*, ¶ 17. The policy imposes various duties on the insureds, including the duty to notify the insurer of a claim and to cooperate with and provide information to the insurer in the investigation and handing of a claim. *Id.* ¶ 19.

Mr. Kuehn sent written notice to Colony on September 25, 2009 regarding a legal malpractice claim involving the Adams lawsuit. Mr. Kuehn's letter reportedly stated that he had failed to timely respond to a motion for partial summary judgment which resulted in the motion being granted. *Complaint (#1)*, ¶50. Colony alleges that after receiving this notification, it repeatedly attempted to contact Mr. Kuehn and Gibson & Kuehn, LLP to investigate the matter, but they failed or refused to respond. Colony alleges that it was not until May 26, 2010 that Defendant Thomas Gibson responded to Colony's inquiries about the Adams lawsuit. *Id.* ¶¶ 51-52.

Colony alleges that Mr. Kuehn and/or Mr. Gibson must have known or have reasonably foreseen prior to applying for renewal of the policy in March 2009 that a legal malpractice claim could arise in regard to the Adams v. Fallini lawsuit. Colony also alleges that Mr. Kuehn violated the conditions of the policy by assuming or admitting liability for legal malpractice without Colony's consent and that Mr. Kuehn, Mr. Gibson and Gibson & Kuehn, LLP violated their duties

of cooperation under the policy.  Colony therefore alleges that it has no duty to defend or indemnify Mr. Kuehn, Mr. Gibson or  Gibson & Kuehn, LLP in regard to the Fallinis' malpractice claim.

Defendants Thomas Gibson and Harold Kuehn filed separate answers in proper person to Colony's complaint on January 19 and 20, 2011.  Gibson & Kuehn, LLP, filed an answer through its counsel on January 21, 2011.  Defendants' answers contain identical denials and affirmative representations.  All three Defendants deny that Colony is entitled to a declaratory judgment on the grounds that "Defendant Kuehn's actions or omissions are relevant as to his mental state during relevant times," and that "[a] court declaration that Plaintiff's have no responsibility to defend or indemnify the Defendant's should require a full evidentiary hearing on the merits, after full and complete discovery."  *Answers (##11, 12 and 13)*, ¶ 79.

The Defendants further allege that Defendant Kuehn never informed Mr. Gibson of the existence of the Adams v. Fallini case until May 26, 2010 (the date that Mr. Gibson apparently first communicated with Colony), that Mr. Kuehn did not record the Adams v. Fallini file into the law firm's data base, did not maintain a physical file in the law firm's office, and that he did not disclose the existence of the Adams v. Fallini case or the alleged malpractice issues to Mr. Gibson. *Answers (##11, 12 and 13)* ¶¶ 85-88.  Defendants also allege that prior to the renewal of the policy in March 2009, Mr. Gibson asked Mr. Kuehn and another lawyer in the firm whether they were aware of any pending malpractice issues.  Mr. Kuehn and the other attorney answered in the negative.  *Id.*  ¶¶ 92-94.  Defendants allege that Mr. Gibson and the law firm had no reason to know of the potential malpractice claim prior to Mr. Gibson's first communication with Colony on May 26, 2010.

Colony served interrogatories, requests for admissions and requests for production of documents on Mr. Gibson and Gibson & Kuehn, LLP on January 26, 2011.  Mr. Gibson and Gibson & Kuehn, LLP served responses to the requests for admissions on February 25, 2011 and served their answers to interrogatories on March 17, 2011.  The interrogatories to Mr. Gibson and Gibson & Kuehn, LLP were the same, except that the interrogatories directed to Mr. Gibson called for him to answer on behalf of himself, individually, whereas the interrogatories to Gibson & Kuehn, LLP called for it to answer on behalf of and in regard to both the law firm and its members.

Mr. Gibson individually answered the interrogatories directed to Gibson & Kuehn, LLP.

Colony filed a motion to compel on March 29, 2011 which requested that Defendants Gibson and Gibson & Kuehn, LLP be ordered to provide responses to the requests for production and their Rule 26(a) disclosures. Defendants did not respond to the motion and the Court therefore ordered Defendants Gibson and Gibson & Kuehn, LLP to serve their responses to requests for production and initial disclosures by May 9, 2011. *Order (#25)*.[1] Gibson & Kuehn, LLP served responses to Colony's requests for production of documents on May 2, 2011. *Motion (#41), Exhibit I.* Defendants Thomas Gibson and Gibson & Kuehn, LLP also served an "Early Case Conference List of Witness and Documents" on May 2, 2011 which lists the witnesses they may call at trial and the documents they may present as exhibits. *Motion (#41), Exhibit K.*

## DISCUSSION

**A.    Colony's Request that Defendants Be Precluded From Introducing Any Evidence Regarding the Mental State of Defendant Harold Kuehn.**

Plaintiff requests that Defendants Thomas Gibson and Gibson & Kuehn, LLP be precluded from introducing any evidence regarding Mr. Kuehn's mental condition based on their failure to identify witnesses or documents on this topic in their initial disclosures and their failure to adequately respond to Plaintiff's discovery requests.

Defendants Gibson and Gibson & Kuehn, LLP list ten witnesses, including Mr. Gibson, Mr. Kuehn, the Fallinis and representatives of the insurance company in their "Early Case Conference List of Witness and Documents." Defendants state that each witness is "expected to testify regarding the facts and circumstances of the incident in this case and all other matters of which they have knowledge." *Motion (#41), Exhibit K*.

Rule 26(a)(1)(A)(I) of the Federal Rules of Civil Procedure requires the party to disclose the name of "each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses." The 1993

---

[1] The Court also ordered Defendant Kuehn to respond to the discovery requests directed to him. Mr. Kuehn did not comply with the order and this Court has now entered a separate sanctions order against him. *See Order (#50)*.

4

Advisory Comments to Rule 26(a)(1) state that "[i]ndicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed." *See also Sender v. Mann*, 225 F.R.D. 645, 650 (D.Colo. 2004). The rule does not require a detailed summary of a potential witness's expected testimony. It does require at minimum, however, that the party identify the specific subjects or topics on which the witness may be called to testify. It is not sufficient to merely state that each witness "may testify regarding the facts and circumstances of the incident in this case and all other matters of which they have knowledge."

Colony's Interrogatory No. 7 states as follows:

> If you contend that Mr. Kuehn suffered from any disability or condition that impacted his fitness to practice law between October 31, 2007, and the present, please describe in detail the disability or condition including, without limitation: (1) the nature of the disability or condition; (b) the dates during which he suffered from the disability or condition; (c) al (sic) medical treatment received; (d) how the disability or condition impacted his fitness or competency to practice law; and (e) all Communications to any court, Nye County officials or the State Bar of Nevada reporting that he suffered from a disability or condition impacting his fitness or competency to practice law.

Defendant Thomas Gibson answered this interrogatory on behalf of himself and Gibson & Kuehn, LLP as follows:

> The nature of Mr. Kuehn's disability is based upon my personal observations. Having heard others recount events regarding Mr. Kuehn, Mr. Kuehn made a statement to me that he had taken medication for depression in his past. Said statement was made sometime after May 2010.

*Motion (#41) Exhibits H* and *I*.

Although the Defendants served Amended Responses to Plaintiff's First Set of Interrogatories on August 1, 2010, their answer to Interrogatory No. 7 remained unchanged. *See Opposition to Motion to Compel and for Sanctions (#44), Exhibit 1.*

An answer to an interrogatory is sufficient if the answer as a whole discloses a conscientious endeavor to understand the question and to answer it fully. *Parrott v. Wilson*, 707 F.2d 1262, 1273 n. 26 (11th Cir. 1983). A party is generally charged with knowledge of what its agents know, or what is in records available to it, or even information others have given to it on

which it intends to rely in its suit. A party cannot limit its interrogatory answers to matters within its own knowledge and ignore information immediately available to it or under its control. *FDIC v. Halpern*, 271 F.R.D. 191, 193 (D.Nev. 2010), citing 8B Wright, Miller, Kane & Marcus, FEDERAL PRACTICE AND PROCEDURE § 2177 (3rd Ed. 2010). *See also Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 629-30 (N.D.Okla. 2009).

Defendants' answer to Interrogatory No. 7 does not comply with requirements of Rule 33. Colony was entitled to an answer which describes in reasonably complete detail Mr. Kuehn's disability or condition, if any, which affected his ability to practice law and which Defendants apparently contend prevented him from understanding prior to the issuance of the insurance policy that a malpractice claim might be made against him or the law firm. Defendants' answer to Interrogatory No. 7 does not respond to this basic question. Although Mr. Gibson states that the nature of Mr. Kuehn's disability is based upon his personal observations, he does not describe any of those alleged observations. Although Mr. Gibson allegedly heard others recount events regarding Mr. Kuehn, he does not set forth the contents of the statements he heard. Nor do Defendants identify the persons who allegedly made the statements or when they were made. The only thing specific in Defendants' answer is that Mr. Kuehn told Mr. Gibson at some time after May 2010 that he had taken medication for depression in his past. Defendants did not respond to subpart (e) of the interrogatory which asked them to identify all communications to any court, Nye County officials or the State Bar of Nevada regarding any alleged disability or condition impacting Mr. Kuehn's fitness or competency to practice law.

Defendants state in their opposition to Colony's instant motion that:

> Mr. Gibson can, and will, testify and provide other oral evidence as to the perceived mental state of Mr. Kuehn and as such it is not accurate to state "there are no witnesses or documents relevant to Mr. Kuehn's alleged mental state." Defendants may not have documents to that effect (although discovery is ongoing), but there are relevant witnesses and these have been identified. Defendants' position is that there were suspicions regarding Mr. Kuehn's mental health and were confirmed since the discovery of the underlying Adams action, the very existence of which Mr. Kuehn kept from Mr. Gibson until May 2010.

*Opposition (#44),* pp. 2-3.

6

1   Perhaps implicit in Defendants' foregoing statement is the belief that Plaintiff can take Mr.
2   Gibson's deposition to find out the details of his knowledge regarding Mr. Kuehn's mental
3   disability or condition, and that Defendants are therefore not required to provide that information in
4   their answers to Interrogatory No. 7.  If so, such belief is incorrect.  Plaintiff is entitled to a
5   complete answer to Interrogatory No. 7 setting forth the material facts, if any, known to Defendants
6   concerning Mr. Kuehn's mental disability or condition.  Plaintiff can then determine whether there
7   is any basis to Defendants' allegations and decide whether to take Mr. Gibson's deposition.

8   Plaintiff's Request for Production No. 11 requested that Defendants Gibson and Gibson &
9   Kuehn, LLP produce all medical records related to any physical, mental or medical disability or
10  condition suffered by Mr. Kuehn between October 31, 2007 and the present.  Request No. 12 asked
11  for all documents and communications related to any physical, mental or medical disability or
12  condition that prevented Mr. Kuehn from competently practicing law between October 31, 2007
13  and the present.  Gibson & Kuehn, LLP objected to both of these requests on the grounds that they
14  are not relevant or calculated to lead to the discovery of admissible evidence.  Subject to this
15  objection, however, Defendant stated in response to both requests that it is not in possession of any
16  such documents or communications.  Request No. 13 also requested all documents and
17  communications between Mr. Kuehn, Mr. Gibson or Gibson & Kuehn, LLP and any person, entity,
18  government agency, Nye County or the State Bar of Nevada related to Mr. Kuehn's fitness or
19  competency to practice law between October 31, 2007 and the present.  Gibson & Kuehn, LLP did
20  not object to this request, but responded "None."

21  Rule 37(c) of the Federal Rules of Civil Procedure provides that if a party fails to provide
22  information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use
23  that information or witness to supply evidence unless the failure was substantially justified or is
24  harmless. Contrary to the assertion in their opposition, Defendants Gibson and Gibson & Kuehn,
25  LLP have not identified any witness, other than Defendant Thomas Gibson (by virtue of his answer
26  to Interrogatory No. 7) who will testify about Mr. Kuehn's alleged mental state.  Defendants should
27  have identified such individuals in their initial disclosures which were due 14 days after the parties'
28  Rule 26(f) conference. Defendants failed to serve such disclosures until they were ordered to do so

by the Court on April 20, 2011. *Order (#25)*. Defendants' belated disclosures, however, failed to provide any specific information about the topics on which their listed witnesses will testify. Defendants also failed to identify the witnesses that they may call in regard to Mr. Kuehn's mental condition in their opposition to the Plaintiff's instant motion. Defendants have not provided any reason, justifiable or not, for their failure to comply with Rule 26(a)(1)(A)(I). The Court will therefore preclude Defendants Gibson and Gibson & Kuehn, LLP from calling any witness other than Mr. Gibson to testify about Mr. Kuehn's alleged mental state.

The Court will not, *at this point*, preclude Mr. Gibson from providing *any* testimony regarding Mr. Kuehn's alleged mental state. Although Defendants' answer to Interrogatory No. 7 is clearly insufficient, Plaintiff did not previously move to compel a responsive answer to this interrogatory. The Court will therefore give Mr. Gibson an opportunity to supplement his answer to Interrogatory No. 7 and provide a complete description of his knowledge of Mr. Kuehn's mental state. This, however, does not provide Defendants with an opening to now identify other witnesses whom they may call in regard to Mr. Kuehn's mental condition. Defendants Gibson and Gibson & Kuehn have forfeited their right to designate such witnesses by their failure to provide adequate Rule 26(a) disclosures and by their evasive conduct in regard to their discovery and disclosure obligations.

Defendant Gibson & Kuehn, LLP's objections to Request for Production Nos. 11 and 12 were also frivolous. First, Defendants failed to timely serve responses to the requests for production or to respond to the Plaintiff's first motion to compel, thereby waiving their right to object. *Caudle v. District of Columbia*, 263 F.R.D. 29, 32 (D.D.C. 2009); *Whitlow v. Martin*, 259 F.R.D. 349, 354 (C.D. Ill. 2009). Second, Defendants placed Mr. Kuehn's mental state in issue and therefore had no basis to object to the production of documents concerning his mental state or fitness or competency to practice law on grounds of relevancy. Plaintiff, however, does not seek to compel Defendants to produce records in response to these particular requests for production. Instead, Plaintiff requests that Defendants Gibson and Gibson & Kuehn, LLP be precluded from presenting any documentary evidence regarding Mr. Kuehn's mental state, including any mental incapacity or condition. Because Defendants have not disclosed any such documents in compliance

with Rule 26(a)(1)(A)(ii), the Court grants Plaintiff's request pursuant to Rule 37(c)(1).

### B. Plaintiff's Motion to Strike Defendants' Affirmative Defenses.

Plaintiff also requests that the Court strike Defendants Gibson and Gibson & Kuehn, LLP's affirmative defenses as a sanction under Rule 37(b)(2)(A)(iii), 37(c) and 37(d).  Plaintiff has not tied this request to any particular refusal or failure of Defendants to respond to discovery or to comply with a court order.  Instead, Plaintiff argues that the affirmative defenses are irrelevant to this declaratory judgment action.  While the Court agrees that several of Defendants' affirmative defenses appear to be inapplicable, a Rule 37 sanctions motion is not the proper vehicle to obtain their dismissal.  Plaintiff can seek dismissal of these defense by a motion under Rule 12(d) or Rule 56.

### C. Plaintiff's Request that Mr. Gibson be Compelled to Answer the Correct Interrogatories.

Mr. Gibson did not answer the set of interrogatories that were specifically directed to him, but instead answered the interrogatories that were directed to Gibson & Kuehn, LLP.  Because Mr. Gibson appears to have answered the interrogatories as they pertain to him individually, his error does not appear to have resulted in a substantive difference as how the interrogatories would have been answered.  Nevertheless, Mr. Gibson should answer the interrogatories actually directed to him individually and the Court orders him to do so.

### D. Plaintiff's Request that Requests for Admissions to Gibson & Kuehn, LLP be Deemed Admitted Where It Failed to Perform a Reasonable Inquiry.

Plaintiff served 128 requests for admissions on Defendant Gibson & Kuehn, LLP.  Based on the Court's review of the responses, Gibson & Kuehn, LLP admitted fourteen of the requests: Nos. 4, 18, 25, 34, 51, 66, 75, 111-116, 120, 121, and 124.  The Court includes as admissions responses such as that to Request No. 34 which requested that Defendant "[a]dmit that Mr. Kuehn never filed a response to Exhibit 4 in May 2008."  Defendant responded to this request by stating: "based upon information and belief, Mr. Kuehn never filed a response to Exhibit 4."  *Motion (#41), Exhibit G.*  Although Defendant does not expressly "admit" the request, it acknowledges the accuracy or truthfulness of the proposition stated in the request and its response should therefore be treated as

1 an admission.

2     Gibson & Kuehn, LLP partly admitted and partly denied another sixteen requests, Nos. 80, 95-105, 107-110. Defendant's response to Request No. 95 is an example of this latter type of responses. The request asked Defendant to admit that Mr. Kuehn did not respond to the September 29, 2009 message from Colony regarding the investigation of Fallini's potential malpractice claim. Defendant responded to this request by stating that "[b]ased upon information and belief, Mr. Kuehn did not return telephone messages to a Colony representative during relevant dates. Not enough information to answer as to specific dates that a message was not returned therefore the remainder of Admission No. 95 is denied." *Motion (#41), Exhibit G.*

    Defendant responded to sixty-four of the requests by stating as follows: "Not enough information to admit or deny, therefore it is denied." The specific requests to which this response was made are Nos. 2-6, 8-10, 13-14, 16, 20, 23, 27-32, 36-37, 39-41, 43, 45-47, 49, 53-56, 58, 60-62, 64, 68-71, 73, 77-79, 81-92, 94, 106, 122-123, 125-128. *Id.* These requests generally sought admissions from Gibson & Kuehn, LLP that certain documents are true and accurate copies of pleadings or correspondence in the underlying Adams v. Fallini lawsuit, or are true and accurate copies of correspondence between Mr. Kuehn and Plaintiff Colony, or that certain documents were received by Mr. Kuehn, or that Mr. Kuehn knew of certain matters at particular times.

    In *FDIC v. Halpern*, 271 F.R.D. 191, 193-4 (D.Nev. 2010), this Court stated as follows:

> A party's duty of reasonable inquiry in responding to requests for admissions is similar to its duty in answering interrogatories. Fed.R.Civ.Pro. 36(a)(1) states that a party may serve on any other party a written request to admit the truth of any matter within the scope of Rule 26(1) relating to: (A) facts, the application of law to fact, or opinions about either and (B) the genuineness of any described documents. Subsection (a)(4) states that if the matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter. When good faith requires a party to qualify its answer or deny only a part of the requested matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

. . .

10

> In *Asea, Inc. v. Southern Pacific Transp. Co.,* 669 F.2d 1242, 1245 (9th Cir.1981), the court stated in regard to the reasonable inquiry requirement:
>
>> Thus, Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts. Such reasonable inquiry includes an investigation and inquiry of employees, agents, and others, "who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." The inquiry may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties.... The operative words then are "reasonable" and "due diligence."
>
> *See also A. Farber & Partners, Inc. v. Garber,* 237 F.R.D. 250, 254 (C.D.Cal.2006) and *In re Gulf Oil/Cities Service Tender Offer Litig.,* 1990 WL 657537 (S.D.N.Y.1990) *2.

Defendant's denials, based on "not enough information to admit or deny," are not true denials of the requests. They are instead evasive responses which attempt to avoid admitting the requests, while also avoiding possible future sanctions under Rule 37(c)(2). Defendant provides no details as to why it does not have "enough information" to admit or deny the requests. Defendant has also failed to certify in its responses that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny the requests.

Defendants assert in their opposition that they "should not be compelled to seek information from Mr. Kuehn, who is clearly both hostile and interested in the outcome of the suit." *Opposition (#44), p. 5.* There is no evidence, however, that Mr. Kuehn is hostile toward Mr. Gibson or Gibson & Kuehn, LLP. While the Court is not blind to the suspicions regarding Mr. Kuehn's mental state that arise from his alleged conduct in the underlying matters and in this case, Mr. Kuehn remains a law partner of Mr. Gibson and he apparently continues to work as an attorney employed by Gibson & Kuehn, LLP. Defendants cannot have it both ways by, on the one hand, asserting that Mr. Kuehn's mental problems prevent them for obtaining necessary information, files or documents to respond to the requests for admissions, and, on the other hand, continuing to engage in the practice of law with Mr. Kuehn–presumably in the belief that Mr. Kuehn is competent to practice law and to function as a partner in Defendants' law firm.

The Court also notes that Mr. Kuehn's answer to the complaint in this case is substantially identical to the answers that were filed by Mr. Gibson and Gibson & Kuehn, LLP. This indicates some level of coordination and cooperation between Mr. Kuehn, Mr. Gibson and Gibson & Kuehn, LLP in regard to their common defense of this action. This also belies the assertion that Defendants cannot obtain information from Mr. Kuehn that would allow Gibson & Kuehn, LLP to fully respond to Plaintiff's requests for admissions.

Plaintiff argues that rather than requiring Gibson & Kuehn, LLP to supplement its responses to the requests for admissions, the Court should instead deem them to be admitted based on Defendant's willful or bad faith failure to respond to the requests. Although the Court would probably be justified in granting the relief requested by Plaintiff, it will give Defendant the opportunity to supplement its responses to the requests for admissions. The Court does so, first, because there does appear to be some question regarding Mr. Kuehn's mental state based on his conduct in this case and in the underlying matters. Secondly, the resolution of this case involves the interests of the Fallinis, who are the alleged victims of Defendants' malpractice and who will be adversely affected by a judicial declaration of non-coverage under the insurance policy. To the extent that Mr. Gibson and Gibson & Kuehn, LLP have some grounds to defeat Colony's assertion of non-coverage, that issue should be decided on the merits–if not for Mr. Gibson's and Gibson & Kuehn, LLP's benefit, then at least for the benefit of the Fallinis.

The Court, however, cautions Mr. Gibson and Gibson & Kuehn, LLP that it appears that many of the requests should probably be admitted based on Defendants' apparent ability to verify the authenticity of documents that are the subject of the requests, and as to which there is probably no bona fide dispute, or based on Mr. Kuehn's underlying acts or failures to act, which are also probably not in reasonable dispute. To the extent that Defendant has a legitimate basis to state that it cannot admit or deny a particular request, it must provide sufficient detail in its response which explains why it cannot answer. It must also certify and describe the reasonable inquiry it has made to obtain information and documents, including its efforts to obtain information or documents from Mr. Kuehn.

. . .

**E.     Plaintiff's Request that Defendants be Compelled to Substantially Answer Colony's Interrogatories Under Oath Without Objection.**

Gibson and Gibson & Kuehn, LLP did not serve their answers to interrogatories within the 30 day period required by Rule 33(b)(2). Nor did they obtain an extension of time to serve answers. Under Rule 33(b)(4) any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. *Thompson v. University Medical Center*, 2010 WL 2953410 (D.Nev. 2010); *Caudle v. District of Columbia*, 263 F.R.D. 29, 32 (D.D.C. 2009).

The only interrogatory that Defendants objected to was the last one, Interrogatory No. 8, which states as follows: "If you deny any of Colony's First Set of Requests for Admissions . . . , in whole or in part, please state all facts supporting each such denial." Defendants objected on the grounds that "Thomas Gibson's responses to Colony's First Set of Requests for Admissions were not general denials and explanations were provided where practical. Any further demand is oppressive." *Motion (#41), Exhibits H* and *I*.

An interrogatory such as Interrogatory No. 8 raises a concern whether the requests for admissions are being used in a manner contrary to the purpose of Rule 36. Depending on the number of underlying requests for admissions, such interrogatories also raise an issue whether the proponent is attempting to sidestep the limit on the number of authorized interrogatories under Rule 33(a)(1). As the court in *Safeco v. Rawstron*, 181 F.R.D. 441, 445-46 (C.D.Cal. 1998) explained:

> The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial. *Asea, Inc. v. Southern Pacific Transportation Co.,* 669 F.2d 1242, 1245 (9th Cir.1981); *see* Advisory Committee Note to 1970 Amendment to Fed.R.Civ.P. 36, 48 F.R.D. 531–532 (1970) ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."). Their goal "is to eliminate from the trial matters as to which there is no genuine dispute." *People of State of California v. The Jules Fribourg,* 19 F.R.D. 432, 436 (N.D.Cal.1955). Therefore, requests for admissions are not principally discovery devices, *see* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, § 2252, at 524–525 ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness. A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36.")

(footnotes omitted), and they "are not to be treated as substitutes for discovery processes to uncover evidence...." *The Jules Fribourg,* 19 F.R.D. at 436; *see* 7 Moore's Federal Practices § 36.02[2] (3d ed. 1991) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents, requests for admission should not be used as a method of discovery for those purposes.") (footnote omitted). Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based, however, essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admissions were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admissions that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a). *See generally, In re Olympia Holding Corp.,* 189 B.R. 846, 853 (Bkrtcy.N.D.Fla.1995) ("Requests for admissions and interrogatories are not interchangeable procedures ... Utilizing interrogatories disguised as requests for admissions in an attempt to circumvent a local rule limiting the number of interrogatories is an abuse of the discovery process.") (citations omitted).

*Safeco* states that in order to prevent the potential for abuse, the court should adopt the strong presumption that "each underlying request for admission constitutes a separately countable subpart in determining the total number of interrogatories. *Id.* at 446.

Plaintiff served eighteen individually numbered requests for admission on Defendant Thomas Gibson. Mr. Gibson denied only five of the requests: Nos. 1, 7, 8, 9 and 18. In response to each of these requests, Mr. Gibson also provided an adequate explanation for the basis for his denial. Although requiring Mr. Gibson to set forth the factual basis for his denial of these five requests would not *per se* be unduly burdensome, or run afoul of the authorized number of interrogatories under Rule 33(a)(1), the Court sees no reason to require Mr. Gibson to automatically restate the basis for his denials in separate additional sub-answers to Interrogatory No. 8. To the extent that any of Mr. Gibson's denials of the requests for admission give rise to further inquiry by Plaintiff, it can pursue that either through specific supplemental interrogatories or by taking Mr. Gibson's deposition.

The situation with respect to the requests for admissions to Gibson & Kuehn, LLP provides an even stronger basis for not ordering Defendant to answer Interrogatory No. 8, despite its failure to make a timely objection. As set forth above, Gibson & Kuehn, LLP admitted only 14 of the 128 requests for admissions that were served upon it. Thus, if the Court ordered Defendant to answer

Interrogatory No. 8, it would in effect be required to answer 114 additional interrogatories. Such a requirement is neither reasonable nor necessary. The Court has ordered Defendant Gibson & Kuehn, LLP to supplement its responses to the requests that it has denied, in whole or in part, on the grounds that it does "not enough information to admit or deny." This may, and probably should, result in many of the previously denied requests now being admitted. Defendant is, however, obligated to provide a detailed explanation as to why it cannot answer any particular request. Such explanations, if properly provided, should eliminate the need for further explanation. Again, to the extent that the denial of particular requests reasonably gives rise to followup discovery, Plaintiff can either serve supplemental interrogatories which it still has available[2], or depose Mr. Gibson. (Plaintiff may also depose Mr. Kuehn, although the Court recognizes, based on his previous behavior, that he may not appear for a deposition.)

### F. Plaintiff's Request that Defendants be Compelled to Respond to Requests for Production of Documents Without Objection and Supplement their Responses as Necessary.

Defendant Gibson & Kuehn, LLP failed to timely respond to Plaintiff's requests for production of documents and also failed to respond to Plaintiff's motion to compel. It therefore waived its objections. Following the entry of the order to compel, however, Defendant objected to some of the requests to the extent they seek information or documents protected by the attorney-client privilege or attorney-work product doctrine or because they are irrelevant. Subject to these objections, Defendant either responded by producing some documents or by stating that it has no responsive documents. Defendant did not produce a "privilege log" in regard to any requests to which it objected on privilege grounds. Because Defendant Gibson & Kuehn, LLP waived its objections, it is ordered to respond to Plaintiff's requests for production of documents without objection and supplement its responses thereto as necessary.

Defendant Gibson & Kuehn, LLP is also ordered to respond to Request No. 5 and produce any and all documents between Mr. Kuehn, Mr. Gibson or Defendant Gibson & Kuehn, LLP or

---

[2] Because the Court disallows Interrogatory No. 8, it will not treat Plaintiff as having exhausted its authorized limit of 25 interrogatories with respect to Defendant Gibson & Kuehn, LLP.

their representatives and Defendant Gibson & Kuehn, LLP's insurance agent or broker relating to its application for the Colony policy.

## CONCLUSION

Based on the foregoing,

**IT IS HEREBY ORDERED** that Plaintiff Colony Insurance Company's Second Motion to Compel and for Sanctions Against Thomas Gibson and Gibson & Kuehn, LLP (#41) is **granted**, in part, and **denied**, in part as follows:

    1.    Within 30 days of the filing of this order:

        (a)  Defendants Thomas Gibson and Gibson & Kuehn, LLP shall serve supplemental answers to Plaintiff's Interrogatory No. 7;

        (b)  Thomas Gibson shall serve answers to the correct set of interrogatories previously served on him by Plaintiff;

        (c)  Defendant Gibson & Kuehn, LLP shall serve supplemental responses to all requests for admissions that it denied, in whole or in part, based on the assertion that it lacks sufficient information to be able to admit or deny the requests;

        (d)  Defendant Gibson & Kuehn, LLP shall serve responses to the requests for production without objection and supplement its previous production of documents based on the lack of such objection as is reasonable and necessary; and

        (e)  Defendant Gibson & Kuehn, LLP shall supplement is response to Request No. 5 and  produce any and all documents between Mr. Kuehn, Mr. Gibson or Defendant Gibson & Kuehn, LLP or their representatives and Defendant Gibson & Kuehn, LLP 's insurance agent or broker relating to its application for the Colony policy.

    2.    Defendants Thomas Gibson and/or Gibson & Kuehn, LLP are prohibited from introducing testimony by any witness other than Thomas Gibson, or introducing any documentary evidence regarding Defendant Harold Kuehn's alleged mental state.

. . .

. . .

      3.     Plaintiff's motion to compel Defendants Thomas Gibson and/or Gibson & Kuehn, LLP to answer Interrogatory No. 8 is denied. Subject to Rule 33(a)(1), Plaintiff may serve specific supplemental interrogatories on the Defendants.

      4.     Plaintiff's motion to strike or dismiss Defendants Thomas Gibson and/or Gibson & Kuehn, LLP's affirmative defenses is denied, without prejudice.

DATED this 20th day of September, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge