# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

COLONY INSURANCE CO.,

       Plaintiff,    Case No. 2:10-cv-01943-KJD-GWF

vs.            **ORDER**

HAROLD KUEHN, *et al.*,

       Defendants.

   This matter comes before the Court on Plaintiff's Memorandum of Attorney's Fees and Costs for Motion to Compel and for Motion Seeking Sanctions Against Defendant Harold Kuehn (#53), filed on September 14, 2011. To date, Defendant Kuehn has filed no response to Plaintiff's Memorandum, and the time for objections has expired.

## BACKGROUND

   This case involves a lawsuit for declaratory judgment regarding whether Plaintiff Colony Insurance Company ("Colony") has a duty to defend or indemnify Defendants Harold Kuehn, Thomas Gibson and their law firm, Gibson & Kuehn, LLP, in regard to a legal malpractice action brought against them by Susan and Joe Fallini, who are also joined as defendants in this action. On March 29, 2011, Colony filed a motion to compel Mr. Kuehn to respond to interrogatories and requests for production of documents, and to also compel Mr. Gibson and Gibson & Kuehn, LLP, to respond to requests for production of documents. (*See* #18.) None of the Defendants filed a written response to Colony's motion to compel. The Court therefore granted the motion on April 20, 2011 and ordered Mr. Kuehn, Mr. Gibson and Gibson & Kuehn, LLP to serve their discovery responses and initial disclosures by May 9, 2011. (*See* #25.)

Mr. Kuehn failed to provide any discovery responses or initial disclosures, and failed to respond to Colony's letters seeking compliance with the Court's Order.  On June 5, 2011, Colony filed a Motion for Sanctions against Harold Kuehn. (*See* #40.)   Defendant Kuehn failed to file a written response to Colony's Motion for Sanctions, and he did not appear at the August 10, 2011 hearing on the motion.  Although Mr. Kuehn did not respond to Colony's motion for sanctions, the Fallini Defendants did.  (*See* #43.)  On August 30, 2011, the Court entered a written decision granting in part and denying in part Colony's Motion for Sanctions against Defendant Kuehn. (*See* # 50.)  The Court granted several of Colony's requested sanctions including awarding Colony "its reasonable attorney's fees against Mr. Kuehn relating to the motion for sanctions." (*Id.*)  Plaintiff filed this Memorandum in response to the Court's Order (#50), requesting reimbursement of fees and costs in the amount of $7,910.

## DISCUSSION

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984).  Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.*  Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

. . .

1    Colony requests a total of $7,910 in fees and costs associated with its Motion to Compel
2    and Motion for Sanctions. Colony itemized their requested fees and costs as follows: $588 in fees
3    related to the initial Motion to Compel; $6,152 in fees and costs associated with the Motion for
4    Sanctions; and $1,170 in fees associated with preparing for, traveling to, and participating in the
5    August 10, 2011 hearing. Colony requests reimbursement of attorneys' fees and costs at an hourly
6    rate of $250.00 for the time of John Daly, Esq. based on Mr. Daly's 15 years of litigation
7    experience in federal and state court. After reviewing Plaintiff's Memorandum of Costs and Fees
8    and the affidavit of John Daly, Esq., the Court finds that the Plaintiff has offered sufficient
9    evidence that $250 an hour is a reasonable hourly rate.

10    Mr. Daly spent 6.7 hours on Colony's Motion to Compel, for a total amount of $1,675.
11    Colony however only requests reimbursement for one-third of that amount from Mr. Kuehn, as the
12    Motion to Compel was directed against three Defendants. Colony therefore requests
13    reimbursement in the amount of $588. The Court finds Colony's request for one-third of the fees
14    associated with the Motion to Compel is reasonable. The Court will therefore award Colony a total
15    of $558.00.[1]

16    Colony requests reimbursement for a total of 24.4 hours spent drafting the Motion for
17    Sanctions, not including the fees and costs associated with preparing for and attending the August
18    10, 2011 hearing. (*See* #40.) The records submitted by Plaintiff confirm that significant time was
19    spent researching and drafting the motion for sanctions. Based on the attorney hours billed and
20    other costs, Colony is requesting fees and costs in the amount of $6,152. However, Colony has not
21    demonstrated that this work justifies 24.4 hours of attorney labor in preparing the Motion for
22    Sanctions. Mr. Kuehn filed no opposition to this motion, and therefore the 24.4 hours was billed
23    exclusively for preparing and filing the initial motion.[2] The Court recognizes that Plaintiff would

---

[1] Colony appears to have made a mathematical or typographical error in the requested reimbursement. One third of $1675 equals approximately $558, not $588.

[2] Defendants Fallini did file a response to the Motion for Sanctions against Defendant Kuehn. (*See* #45.) However, the total hours request for the motion for sanctions does not include the time spent preparing Colony's Reply (#45) to Defendant Fallini's Response.

have spent a reasonable amount of time on these matters, but based on its own review of the memorandum of costs and fees and the affidavit of Mr. Daly, the Court finds that Plaintiff's calculation of 24.4 hours of attorney labor is excessive. The Court finds that the work involved in preparing the motion for sanctions should reasonably take around 14 hours of attorney labor. As a result, the Court will award reasonable attorney's fees associated with preparing the Motion for Sanctions in the amount of $3,500.

Colony further request $1,170 reimbursement for the time spent preparing for and attending the August 10, 2011 hearing. Mr. Daly spent a total of 10 hours preparing for and attending the hearing, and spent an additional $1,010 in travel expenses. Again, because the hearing was on matters concerning all three Defendants, Colony requests only one-third of the total costs of preparing for and traveling to the August 10, 2011 hearing. Upon review and consideration of Colony's fees and costs associated with the August 10, 2011 hearing, the Court will not reimburse Colony for any of the requested fees or costs. At the August 10, 2011 hearing, the Court heard oral arguments on both Plaintiff's Motion for Sanctions against Defendant Kuehn and Plaintiff's Second Motion to Compel and for Sanctions against Defendants Thomas Gibson and Gibson & Kuehn. (*See* #49.) Because Defendant Kuehn failed to file a written response to Plaintiff's motion for sanctions and further failed to appear at the hearing, the main purpose and focus of the hearing was to address Plaintiff's Second Motion to Compel against Defendants Thomas Gibson and Gibson & Kuehn. If Plaintiff only filed their Motion for Sanctions against Defendant Kuehn and no written response was filed, the Court would not have held a hearing on the matter. Therefore, the Court will not grant Colony any fees and costs associated with preparing for, traveling to, and participating in the August 10, 2011 hearing.

As a result, based on the reasonable hourly rates discussed above, the Court will award attorneys' fees to the Plaintiff in the amount of $4,058. The relevant factors are subsumed in this calculation of the reasonable attorneys' fees, and there are no other exceptional circumstances which warrant enhancement or reduction of the fees.

. . .

. . .

**IT IS HEREBY ORDERED** that Defendant Kuehn is ordered to pay Plaintiff Colony Insurance Company the sum total of $4,058.  Defendant is further ordered to make the payment to Plaintiff by **November 4, 2011.**

DATED this 5th day of October, 2011.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE