1

2

3

4

5

6

7

8

9          **UNITED STATES DISTRICT COURT**

10            **DISTRICT OF NEVADA**

11

12   COLONY INSURANCE COMPANY,

13        Plaintiff,                                      Case No. 2:10-CV-01943-KJD-GWF

14   v.                                                   **ORDER**

15   HAROLD KUEHN, *et al*.,

16        Defendants.

17

18        Before the Court is the Motion to Stay (#28) filed by Defendants Thomas Gibson and Gibson

19   and Kuehn, LLP (collectively "Defendants").  Plaintiff Colony Insurance Company filed an

20   Opposition (#33) and Defendants filed a Reply (#37).  Also before the Court is Plaintiff's Motion to

21   Amend Complaint (#38).

22   I. Background

23        Plaintiff is seeking a declaration that an insurance policy issued to Gibson & Kuehn, LLP

24   does not provide coverage for a pending legal malpractice lawsuit.  The lawsuit, captioned as Susan

25   Fallini, et al. v. Harold Kuehn et al., NO Cv10-02551 was filed in Washoe County, Nevada (the

26   "Fallini lawsuit").  The Fellini suit is a malpractice complaint concerning the representation of Ms.

1  Fallini in another suit, Estate of Michael David Adams v. Susan Fallini, No. CV24539 filed in Nye

2  County, Nevada (the "Adams lawsuit").

3      The Adams lawsuit arose out of a fatal car crash.  Mr. Adams struck a cow allegedly owned

4  by Ms. Fallini.  Non-moving defendant Harold Kuehn, represented Ms. Fallini.  Mr. Kuehn failed to

5  timely respond to discovery requests, failed to oppose motions for summary judgment, received

6  sanctions, and was held in contempt of court.  Finally, the court entered a default judgment in the

7  Adams lawsuit against Ms. Fallini due to Mr. Kuehn's failure to answer pleadings and comply with

8  court orders.

9      On August 24, 2010, Ms. Fallini and her husband filed the Fallini malpractice lawsuit against

10  Mr. Kuehn, Mr. Gibson, and Gibson & Kuehn, LLP.  The Fallinis allege that the representation in the

11  Adams lawsuit fell below the standard of care and constitutes negligence per se.

12      Plaintiff filed this action seeking a declaration that the Lawyers Professional Liability Policy

13  ("the Policy") it issued to defendant Gibson & Kuehn, LLP did not cover the Fallini lawsuit.  The

14  Policy was in effect from April 13, 2009 to April 13, 2010.  Plaintiff contends that when the Policy

15  was issued, it was readily apparent that Mr. Kuehn knew or could have reasonably foreseen that his

16  legal services in the Adams lawsuit would give rise to a claim.  Prior to the effective date of the

17  Policy, Mr. Kuehn failed to answer discovery requests and failed to oppose motions for summary

18  judgment.  Based on these failures, two summary judgment orders were entered against his client in

19  the Adams lawsuit.  Plaintiff believes that the terms of the Policy prevent coverage of all defendants

20  because the exclusion applies if "any insured" knew or reasonably could have known that their legal

21  services would give rise to a claim.  Plaintiff also seeks to amend its complaint based on discovery

22  indicating that Mr. Kuehn was representing Ms. Fellini outside Gibson & Kuehn, LLP.

23      The Adams lawsuit is on appeal and the Fellini lawsuit has been stayed pending the outcome

24  of the appeal.  Defendants seek of stay of the declaratory action until the resolution of the Adams

25  lawsuit.

26

1 | II. Motion for Stay

2 |      Under the Declaratory Judgments Act, 28 U.S.C. §§ 2201, *et seq.*, the Court has discretion,

3 | but is not obligated to entertain declaratory relief actions.  The Declaratory Judgment Act has

4 | repeatedly been characterized as "an enabling Act, which confers a discretion on the courts rather

5 | than an absolute right upon the litigant." Public Serv. Comm'n of Utah v. Wycoff Co.*,* 344 U.S. 237,

6 | 241, 73 S.Ct. 236, 239, (1952); see also Green v. Mansour, 474 U.S. 64, 72, 106 S.Ct. 423, 428, 88

7 | (1985); Cardinal Chemical Co. v. Morton Int'l, Inc., 508 U.S. 83, 95, n. 17, 113 S.Ct. 1967, 1974, n.

8 | 17, (1993).  Even where the case is appropriately before the court, the Declaratory Judgment Act is

9 | "'deliberately cast in terms of permissive, rather than mandatory, authority.'" Government

10 | Employees Ins. Co. v. Dizol,133 F.3d 1220, 1223, (9th Cir. 1998) (quoting Wycoff Co., 344 U.S. at

11 | 250).

12 |      In exercising authority under the Declaratory Judgment Act, the Court "should avoid needless

13 | determination of state law issues; it should discourage litigants from filing declaratory actions as a

14 | means of forum shopping; and it should avoid duplicative litigation." Id. (citing Brillhart v. Excess

15 | Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).  The Court should also

16 | consider whether the declaratory action will settle all aspects of the controversy, whether the

17 | declaratory judgment will serve a useful purpose, and potential for entanglement with state courts. Id.

18 |      Here, the determination of the rights and obligations of the parties involves the application of

19 | well-settled principles of Nevada insurance law.  There is no indication that the issues presented are

20 | novel or would require needless determination of state law.  Plaintiff does not appear to be forum

21 | shopping since the declaratory judgment suit is in the District of Nevada .  The Adams and Fallini

22 | state court cases do not present the issue of coverage between the parties before this Court so there is

23 | no duplicative litigation.

24 |      Defendants seek to have this action stayed.  Defendants point out that the Fallini malpractice

25 | lawsuit has been stayed pending the resolution of the Adams lawsuit on appeal.  Defendants argue

26 | that a favorable outcome in the Adams lawsuit could vitiate the malpractice claim in Fallini lawsuit

1  and render the lawsuit in this Court moot. But Plaintiff has already incurred costs in defending the

2  Fallini lawsuit, pursuant to a reservation of rights.  It appears, regardless of the outcome of the

3  Adams and Fallini lawsuits, determination of coverage will be necessary.  This litigation has

4  progressed in this Court for nearly a year and the parties have conducted discovery.  Determining the

5  rights and obligations of the parties is appropriate under the Declaratory Judgment Act.  Accordingly,

6  the Motion for Stay is denied.

7  III. Motion to Amend Complaint

8       Federal R. of Civ. P. 15(a) provides that leave to amend shall be "freely given when justice so

9  requires."  Discovery responses indicate that Mr. Kuehn was representing Ms. Fallini outside the law

10  firm of Gibson & Keuhn and that the firm and Mr. Gibson were unaware of the representation in the

11  Adams lawsuit.  According to Plaintiff, this fact provides additional grounds for denying coverage

12  based on the terms of the policy.  Plaintiffs have submitted a proposed amended complaint and

13  moved for leave to amend.  The request to amend was timely, has not been opposed by Defendants,

14  and appears to be supported by good cause.  Accordingly, Plaintiff is granted leave to file an

15  amended complaint.

16  IV.  Conclusion

17       **IT IS HEREBY ORDERED** that the Motion to Stay (#28) filed by Defendants Thomas

18  Gibson and Gibson and Kuehn, LLP is DENIED.

19       **IT IS FURTHER ORDERED THAT** Colony Insurance Company's Motion to Amend

20  Complaint (#38) is **GRANTED**.

21       DATED this 17th day of October 2011.

22

23

24  _____

25  Kent J. Dawson
   United States District Judge

26