UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COLONY INSURANCE COMPANY, | |
| Plaintiff, | Case No. 2:10-CV-01943-KJD-GWF |
| v. | **ORDER** |
| HAROLD KUEHN, *et al.*, | |
| Defendants. | |

Before the Court is the Motion to Stay (#28) filed by Defendants Thomas Gibson and Gibson and Kuehn, LLP (collectively "Defendants"). Plaintiff Colony Insurance Company filed an Opposition (#33) and Defendants filed a Reply (#37). Also before the Court is Plaintiff's Motion to Amend Complaint (#38).

I. Background

Plaintiff is seeking a declaration that an insurance policy issued to Gibson & Kuehn, LLP does not provide coverage for a pending legal malpractice lawsuit. The lawsuit, captioned as Susan Fallini, et al. v. Harold Kuehn et al., NO Cv10-02551 was filed in Washoe County, Nevada (the "Fallini lawsuit"). The Fellini suit is a malpractice complaint concerning the representation of Ms.

Fallini in another suit, Estate of Michael David Adams v. Susan Fallini, No. CV24539 filed in Nye County, Nevada (the "Adams lawsuit").

The Adams lawsuit arose out of a fatal car crash. Mr. Adams struck a cow allegedly owned by Ms. Fallini. Non-moving defendant Harold Kuehn, represented Ms. Fallini. Mr. Kuehn failed to timely respond to discovery requests, failed to oppose motions for summary judgment, received sanctions, and was held in contempt of court. Finally, the court entered a default judgment in the Adams lawsuit against Ms. Fallini due to Mr. Kuehn's failure to answer pleadings and comply with court orders.

On August 24, 2010, Ms. Fallini and her husband filed the Fallini malpractice lawsuit against Mr. Kuehn, Mr. Gibson, and Gibson & Kuehn, LLP. The Fallinis allege that the representation in the Adams lawsuit fell below the standard of care and constitutes negligence per se.

Plaintiff filed this action seeking a declaration that the Lawyers Professional Liability Policy ("the Policy") it issued to defendant Gibson & Kuehn, LLP did not cover the Fallini lawsuit. The Policy was in effect from April 13, 2009 to April 13, 2010. Plaintiff contends that when the Policy was issued, it was readily apparent that Mr. Kuehn knew or could have reasonably foreseen that his legal services in the Adams lawsuit would give rise to a claim. Prior to the effective date of the Policy, Mr. Kuehn failed to answer discovery requests and failed to oppose motions for summary judgment. Based on these failures, two summary judgment orders were entered against his client in the Adams lawsuit. Plaintiff believes that the terms of the Policy prevent coverage of all defendants because the exclusion applies if "any insured" knew or reasonably could have known that their legal services would give rise to a claim. Plaintiff also seeks to amend its complaint based on discovery indicating that Mr. Kuehn was representing Ms. Fellini outside Gibson & Kuehn, LLP.

The Adams lawsuit is on appeal and the Fellini lawsuit has been stayed pending the outcome of the appeal. Defendants seek of stay of the declaratory action until the resolution of the Adams lawsuit.

II. Motion for Stay

Under the Declaratory Judgments Act, 28 U.S.C. §§ 2201, *et seq.*, the Court has discretion, but is not obligated to entertain declaratory relief actions. The Declaratory Judgment Act has repeatedly been characterized as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241, 73 S.Ct. 236, 239, (1952); see also Green v. Mansour, 474 U.S. 64, 72, 106 S.Ct. 423, 428, 88 (1985); Cardinal Chemical Co. v. Morton Int'l, Inc., 508 U.S. 83, 95, n. 17, 113 S.Ct. 1967, 1974, n. 17, (1993). Even where the case is appropriately before the court, the Declaratory Judgment Act is "'deliberately cast in terms of permissive, rather than mandatory, authority.'" Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223, (9th Cir. 1998) (quoting Wycoff Co., 344 U.S. at 250).

In exercising authority under the Declaratory Judgment Act, the Court "should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." Id. (citing Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). The Court should also consider whether the declaratory action will settle all aspects of the controversy, whether the declaratory judgment will serve a useful purpose, and potential for entanglement with state courts. Id.

Here, the determination of the rights and obligations of the parties involves the application of well-settled principles of Nevada insurance law. There is no indication that the issues presented are novel or would require needless determination of state law. Plaintiff does not appear to be forum shopping since the declaratory judgment suit is in the District of Nevada . The Adams and Fallini state court cases do not present the issue of coverage between the parties before this Court so there is no duplicative litigation.

Defendants seek to have this action stayed. Defendants point out that the Fallini malpractice lawsuit has been stayed pending the resolution of the Adams lawsuit on appeal. Defendants argue that a favorable outcome in the Adams lawsuit could vitiate the malpractice claim in Fallini lawsuit

3

and render the lawsuit in this Court moot. But Plaintiff has already incurred costs in defending the <u>Fallini</u> lawsuit, pursuant to a reservation of rights.  It appears, regardless of the outcome of the <u>Adams</u> and <u>Fallini</u> lawsuits, determination of coverage will be necessary.  This litigation has progressed in this Court for nearly a year and the parties have conducted discovery.  Determining the rights and obligations of the parties is appropriate under the Declaratory Judgment Act.  Accordingly, the Motion for Stay is denied.

III. Motion to Amend Complaint

Federal R. of Civ. P. 15(a) provides that leave to amend shall be "freely given when justice so requires." Discovery responses indicate that Mr. Kuehn was representing Ms. Fallini outside the law firm of Gibson & Keuhn and that the firm and Mr. Gibson were unaware of the representation in the <u>Adams</u> lawsuit.  According to Plaintiff, this fact provides additional grounds for denying coverage based on the terms of the policy.  Plaintiffs have submitted a proposed amended complaint and moved for leave to amend.  The request to amend was timely, has not been opposed by Defendants, and appears to be supported by good cause.  Accordingly, Plaintiff is granted leave to file an amended complaint.

IV.  Conclusion

**IT IS HEREBY ORDERED** that the Motion to Stay (#28) filed by Defendants Thomas Gibson and Gibson and Kuehn, LLP is DENIED.

**IT IS FURTHER ORDERED THAT** Colony Insurance Company's Motion to Amend Complaint (#38) is **GRANTED**.

DATED this 17th day of October 2011.

_____
Kent J. Dawson
United States District Judge