# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COLONY INSURANCE CO., | |
| Plaintiff, | Case No. 2:10-cv-01943-KJD-GWF |
| vs. | **ORDER AND REPORT AND RECOMMENDATION** |
| HAROLD KUEHN, *et al.*, | Third Motion to Compel and and For Sanctions (#59) |
| Defendants. | |

This matter comes before the Court on Colony Insurance Company's Notice of Motion and Third Motion to Compel and for Sanctions Against Thomas Gibson and Gibson & Kuehn, LLP (#59), filed on November 2, 2011. No response was filed.

## BACKGROUND

This case involves a lawsuit for declaratory judgment regarding whether Plaintiff Colony Insurance Company ("Colony") has a duty to defend or indemnify Defendants Harold Kuehn, Thomas Gibson and their law firm, Gibson & Kuehn, LLP, in regard to a legal malpractice action brought against them by Susan and Joe Fallini, who are also joined as defendants in this action. According to the Fallinis' underlying malpractice complaint, which was filed in September 2010, Mr. Kuehn, Mr. Gibson and Gibson & Kuehn, LLP negligently represented Susan Fallini in a Nevada state court wrongful death lawsuit brought against her by the Estate of Michael David Adams ("Adams") in 2007.

Colony filed its first Motion to Compel (#18) on March 29, 2011, requesting that the Court compel Defendant Kuehn to respond to Colony's First Set of Interrogatories, compel Defendant Gibson and the law firm of Gibson & Kuehn respond to Colony's First Set of Requests for Production, and compel Defendants Kuehn and Gibson & Kuehn to disclose their initial disclosures as required by Rule 26. No response was filed to that motion, and on April 20, 2011, the Court granted Colony's Motion to

Compel, ordering Defendants to respond to Colony's discovery requests by May 9, 2011.

On July 5, 2011, Colony filed its Second Motion to Compel (#41), requesting that the Court compel Defendants Gibson and Gibson & Kuehn to completely respond to Colony's discovery requests and award sanctions against Defendants including prohibiting Defendants from presenting any evidence of Mr. Kuehn's mental state and striking Defendants' affirmative defenses. After conducting a hearing on this matter, the Court entered a lengthy Order (#54), granting in part and denying in part Colony's Motion to Compel. The Court ordered Defendants to serve supplemental responses to Colony's discovery requests and produce all responsive documents within 30 days of the Court's Order. Further, because of Defendants' failure to make initial disclosures, the Court prohibited Mr. Gibson and Gibson & Kuehn from introducing testimony by any witness other than Thomas Gibson, or introducing any documentary evidence regarding Defendants Harold Kuehn's alleged mental state.

Colony now brings this Third Motion to Compel and for Sanctions (#59) against Defendant Gibson and Gibson & Kuehn. The issues in this motion are nearly identical to the issues raised in Colony's Second Motion to Compel. Colony is again requesting the Court order Mr. Gibson and Gibson & Kuehn to provide supplemental responses to Colony's discovery requests. Further, Colony is requesting the Court preclude Mr. Gibson and Kuehn & Gibson from presenting any evidence concerning Mr. Kuehn's mental state, strike portions of Mr. Gibson and Gibson & Kuehn's answer asserting mental state defenses, and find that the mental state issues are established against Defendants in this action. Additionally, Colony requests the Court hold Mr. Gibson and Gibson & Kuehn in contempt of court, award Colony attorney's fees and costs associated with this motion and grant any other sanctions the Court deems just and appropriate. Given the Court's previous Order, the Court will only address any new information presented.

## DISCUSSION

**A.  Colony's Request that Defendants be Precluded from Introducing any Evidence Regarding the Mental State of Defendant Harold Kuehn.**

Plaintiff again requests that Defendants Thomas Gibson and Gibson & Kuehn, LLP be precluded from introducing any evidence regarding Mr. Kuehn's mental condition based on their failure to identify witnesses or documents on this topic in their initial disclosures and their failure to

adequately respond to Plaintiff's discovery requests. In the Court's previous Order (#54), the Court precluded Mr. Gibson and Gibson & Kuehn from calling any witness other than Mr. Gibson to testify about Mr. Kuehn's alleged mental state based on Defendants' failure to comply with Rule 26(1)(A)(I). The only information Defendants provided regarding Mr. Kuehn's mental state was in response to Interrogatory 7, which asks Mr. Gibson to describe in detail his knowledge of Mr. Kuehn's disability. Mr. Gibson's response to this interrogatory was vague and lacked factual detail, leading the Court to find that Mr. Gibson's response was insufficient. The Court however declined to preclude Mr. Gibson's testimony. The Court instead granted Mr. Gibson an opportunity to supplement his response and provide a complete description of his knowledge of Mr. Kuehn's mental state.

On October 25, 2011, Mr. Gibson provided Colony with his amended responses to Colony's Interrogatories. (*See* Colony's Mtn (#59), Exhibit A.) Mr. Gibson's response to Interrogatory 7 however was identical to his initial response. As the Court previously indicated, Mr. Gibson's response to Interrogatory 7 is insufficient in that is does not provide any detail of Mr. Gibson's personal knowledge of Mr. Kuehn's alleged mental disability. Rule 37(c) provides that if an party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence unless the failure was substantially justified or is harmless. The Court finds that Mr. Gibson failed to provide complete information regarding his knowledge of Mr. Kuehn's mental state, and therefore under Rule 37(c), the Court will preclude Mr. Gibson from providing any testimony regarding Mr. Kuehn's alleged mental state.

Plaintiff also requests that the Court strike Defendants Gibson and Gibson & Kuehn, LLP's affirmative defenses as a sanction under Rule 37(b)(2)(A)(iii). The Court previously denied Plaintiff's request to strike Defendants' affirmative defenses as a discovery sanction, stating that "Plaintiff has failed to tie this request to any particular refusal or failure of Defendants to respond to discovery or to comply with a court order." (*See* #54, pg. 9.) Plaintiff now requests the Court strike Defendants' affirmative defenses based on Defendants' failure to supplement Interrogatory No. 7, as ordered by the Court. Given that the Court's previous Order precluded anyone but Mr. Gibson from introducing testimony concerning Mr. Kuehn's mental state and the Court's decision to further preclude Mr. Gibson's testimony, the Court has, in effect, precluded Defendants from offering any evidence to

3

support their mental state defense. Precluding all evidence on this issue is tantamount to striking Defendants' affirmative defense of Mr. Kuehn's mental state. Pursuant to Rule Rule 37(b)(2)(A)(iii), 37(c) and 37(d), the Court will therefore recommend Defendants' affirmative defense concerning Mr. Kuehn's mental state be stricken.

**B.    Colony's Request that Each Request for Admission be Deemed Admitted Based on Gibson & Kuehn's Failure to Supplement Their Answers.**

Colony requests that the Court deem 44 of their Requests for Admission be admitted based on Defendants' failure to properly respond pursuant to Rule 36 and the Court's Order (#54). The Court previously found that "Defendant's denials, based on 'not enough information to admit or deny' are not true denials of the requests. They are instead evasive responses which attempt to avoid admitting the requests...." *(See* # 54.) The Court further rejected Defendants' argument they should not be compelled to seek information from Mr. Kuehn who is "hostile and interested in the outcome of the suit." The Court however declined to grant Plaintiff's request to deem admissions admitted, and instead, granted Defendants the opportunity to supplement their responses to the request for admissions. The Court stated that:

> To the extent that Defendant has a legitimate basis to state that it cannot admit or deny a particular request, it must provide sufficient detail in its response which explains why it cannot answer. It must also certify and describe the reasonable inquiry it has made to obtain information and documents, including its efforts to obtain information or documents from Mr. Kuehn.

(*See* #54, pg 12.)

On October 25, 2011, Gibson & Kuehn provided Colony with their supplemental responses to Colony's requests for admissions. Gibson & Keuhn however failed to follow the Court's instruction in drafting their responses. Forty-four of Gibson & Kuehn's responses read substantially similar to the following:

> Objection. Mr. Gibson, who is answering these requests for Admission on behalf of Gibson & Kuehn, does not have enough information to admit or deny this Request and it is therefore denied.

It does not appear that Gibson & Kuehn made any effort to obtain information or documents from Mr. Kuehn. Further, Defendants failed to provide information as to why it does not have enough information and failed to describe what reasonable inquiry was made to obtain the information or

4

documents. Defendants failed to take advantage of the opportunity to supplement their discovery responses. The Court therefore deems the following requests for admissions admitted: Request Nos. 8, 16, 23, 27, 28, 32, 37, 43, 45, 49, 58, 60, 64, 69, 73, 77, 95-106, 108-111, 114-119, 123, 124, 126-129.[1]

Colony further requests that the Court order the "qualified admissions" made by the Defendants be deemed admitted based on Defendants' failure to follow the Court's instruction. The 16 "qualified admissions" Colony is referring to read similar to the following:[2]

> Objections. Mr. Gibson, who is answering these Requests for Admissions on behalf of Gibson & Kuehn is not aware whether or not Mr. Kuehn received any extension of time to respond to Exhibit "1" but subject to this objection, and if indeed he did not obtain an extension, this Request is Admitted.

(*See* Exhibit B, Response 10.) Again, it does not appear Defendants attempted to obtain any additional information from Mr. Kuehn while drafting their supplemental responses. Even if Defendants did make a reasonable inquiry and attempt to obtain information from Mr. Kuehn, Defendants failed to supplement their responses to reflect such. The Court will therefore deem the following Requests for Admissions admitted: Nos. 10-12, 18, 19, 25, 26, 34, 35, 51, 52, 66, 67, 75, 76, and 93.

**C.   Colony's Request that Defendants Should be Compelled to Produce Documents**.

Colony requests that the Court order Defendants to produce documents in response to Colony's discovery requests and the Court's Order (#54). The Court previously ordered Gibson & Kuehn to produce all responsive documents by October 20, 2011. In response to that Order, Colony states that Gibson & Kuehn withdrew several of its objections and provided different responses to many of the discovery requests, but has still failed to produce any additional documents. In response to several of the Requests for Production, Defendants claim that they are continuing to look for additional documents and will produce them shortly. The Court will not enter an order compelling Defendants to do what it already compelled them to do. The Court's Order (#54) still stands, and therefore Gibson & Kuehn still has an obligation to provide all responsive documents to Colony.

---

[1] The Court is identifying the above Requests for Admissions as outlined in Gibson & Kuehn's Supplemental Responses to Colony's Request for Admissions.

[2] Colony states that there are 17 qualified admissions. However, it appears that Colony incorrectly included Request for Admission No. 27 in that calculation.

Because Mr. Gibson and Gibson & Keuhn failed to provide all responsive documents to Plaintiffs by October 20, 2011, the Court will award Plaintiff their reasonable attorney's fees and costs against Mr. Gibson and Gibson & Kuehn pursuant to Rule 37(b)(2)(C) for Defendants' failure to comply with the Court's Order.  Plaintiff shall be permitted to submit an application for reimbursement of their reasonable attorney's fees and costs incurred as a direct result of Mr. Gibson and Gibson & Kuehn's failure to comply with the Court's Order (#54).

The Court also notes that the Defendants failed to file any response to this motion.  Pursuant to LR 7-2(d) "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  Accordingly,

**IT IS HEREBY ORDERED** that Colony Insurance Company's Notice of Motion and Third Motion to Compel and for Sanctions Against Thomas Gibson and Gibson & Kuehn, LLP (#59) is **granted**, in part and **denied**, in part as follows:

1. Plaintiff's request that the Court preclude Defendants from presenting any evidence regarding Mr. Kuehn's mental state is **granted**. Defendants Thomas Gibson and Gibson & Kuehn, LLP are prohibited from introducing *any* testimony by any witness, including Mr. Gibson, or introducing documentary evidence regarding Defendant Harold Kuehn's alleged mental state.

2. Plaintiff's request that the court find the mental state issues established against Defendant for the purposes of this action is **denied**.

3. Plaintiff's request that the Court deem admissions admitted is **granted**.  The following Requests for Admissions, as identified in Gibson & Kuehn LLP's Supplemental Response to Colony's Request for Admissions,  are deemed admitted: 8, 10-12, 16, 18, 19, 23, 25-28, 32, 34, 35, 37, 43, 45, 49, 51, 52, 58, 60, 64, 66, 67, 69, 73, 75- 77, 93, 95-106, 108-111, 114-119, 123, 124, and 126-129.

5. Plaintiff's request that the Court again order Mr. Gibson and Gibson & Kuehn to comply with the Court's Order (#54) and supplement their previous production of documents is **denied**.

. . .

6. Plaintiff's request that the Court find Defendants Mr. Gibson and Gibson & Kuehn LLP in contempt of Court for failing to comply with the Court's Order (#54) is **denied**.

7. Plaintiff's request that the Court award Plaintiff its reasonable attorney's fees and costs against Mr. Gibson and Gibson & Kuehn LLP for their failure to comply with the Court's Order is **granted**.

    1) Counsel for Plaintiff shall, no later than **15 days** from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred as the direct result of Mr. Gibson and Gibson & Kuehn LLP's failure to comply with the Court's Order (#54). The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

    (2) Defendants shall have **15 days** from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

    (3) Counsel for Plaintiff shall have **11 days** from service of the responsive memorandum in which to file a reply.

### **RECOMMENDATION**

Given the Court's previous Order (#54) that only Mr. Gisbon can offer testimony concerning Mr. Kuehn's alleged mental state and this Order further precluding Mr. Gibson from offering testimony, Defendants are now entirely precluded from offering any evidence or testimony regarding Mr. Kuehn's alleged mental state. The Court therefore recommends that Defendants' mental state defense be stricken. Accordingly,

**IT IS FURTHER RECOMMENDED** that Defendants' affirmative defense regarding Mr. Kuehn's alleged mental state be **stricken** from Defendants' answer.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 22nd day of December, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge