# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

COLONY INSURANCE CO.,            )
                                 )
                    Plaintiff,   )   Case No. 2:10-cv-01943-KJD-GWF
                                 )
vs.                              )   **ORDER**
                                 )
HAROLD KUEHN, *et al*.,          )   Motion for Order to Show Cause (#79)
                                 )
                    Defendants.  )
_____  )

This matter comes before the Court on Susan and Joe Fallini's Motion for Order to Show Cause (#79), filed on March 5, 2012. No response was filed. Susan and Joe Fallini (the Fallini Defendants) request that the Court hold Defendant Harry Kuehn in contempt of Court for his wilful and intentional refusal to comply with the Court's orders.

The court has broad contempt powers to punish by fine or imprisonment those who disobey or resist court orders, *see* 18 U.S.C. § 401, and the court has broad discretion in determining whether and to what extent it should exercise its contempt powers. *Green v. United States*, 356 U.S. 165, 188 (1958). Under 28 U.S.C. § 636(e), failure to produce documents and refusal to appear before the Magistrate Judge constitute contempt of the district court in which that Magistrate Judge sits. Upon the commission of such acts or misconduct:

> the magistrate shall forthwith certify the facts to a judge of the district court and may serve or cause to be served upon any person whose behavior is brought into question under this section an order requiring such person to appear before a judge of that court upon a day certain to show cause why he should not be adjudged in contempt by reason of the facts so certified. A judge of the district court shall thereupon, in a summary manner, hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a judge of the court....

. . .

1    Whether contempt is criminal or civil is determined by the purpose of the sanction.  Generally,
2 if the sanction is intended to punish past conduct, and is imposed for a definite amount or period
3 without regard to the contemnor's future conduct, it is criminal.  If the sanction is intended to coerce the
4 contemnor to comply with the court's order in the future, and the sanction is conditioned upon
5 continued noncompliance, it is civil. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468,
6 1481 (9th Cir.1992), citing *Hicks v. Feiock*, 485 U.S. 624, 632, 108 S.Ct. 1423, 1429, 99 L.Ed.2d 721
7 (1988); *Portland Feminist Women's Health Center v. Advocates for Life*, 877 F.2d 787, 790 (9th
8 Cir.1989); *SEC v. Elmas Trading Corp.*, 824 F.2d 732 (9th Cir.1987). *F.J. Hanshaw Enterprises Inc. v.*
9 *Emerald River Development, Inc.*, 244 F.3d 1128, 1137-38 (9th Cir.2001), citing *International Union,*
10 *United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827-28, 114 S.Ct. 2552, 129 L.Ed.2d 642
11 (1994).  Where the court imprisons or imposes fines on the contemnor in order to coerce him or her to
12 comply with the court's order, and which the contemnor can avoid or terminate by complying with the
13 order, the contempt sanction is civil. *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir.2005).
14 Civil contempt may, however, become criminal over time. *Richmark*, 959 F.2d at 1480.  Sanctions
15 which are imposed to compensate the other party or the court for the harm caused by the contemnor's
16 disobedience are also civil. *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110.
17    *F.T.C. v. Affordable Media, LLC*, 179 F.3d 1228 (9th Cir.1999), states that the standard for
18 finding a party in civil contempt is well settled: "The moving party has the burden of showing by clear
19 and convincing evidence that the contemnors violated a specific and definite order of the court.  The
20 burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.*, quoting
21 *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir.1992) (citations omitted).
22 Criminal contempt is established when there is a clear and definite order of the court, the contemnor
23 knows of the order, and the contemnor willfully disobeys the order. *United States v. Rylander*, 714 F.2d
24 996, 1001 (9th Cir.1983).  A finding of civil or criminal contempt is inappropriate where a party has
25 taken " 'all reasonable steps' " it can take to comply. *Richmark Corp. v. Timber Falling Consultants*,
26 959 F.2d 1468, 1479 (9th Cir.1992), citing *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466
27 (9th Cir.1989). *Richmark* also states that the contempt sanction is improper if it is being used an
28 execution tool to collect the judgment, but is appropriate to coerce the judgment debtor into compliance

with a discovery order. *Id.* 959 F.2d at 1480.

      To protect against abuse and ensure that parties receive due process, individuals subject to sanction are afforded procedural protections, the nature of which varies depending upon the violation, and type and magnitude of the sanction. The more punitive the nature of the sanction, the greater the protection to which the individual is entitled. *Hanshaw Enterprises Inc. v. Emerald River Development, Inc.*, 244 F.3d at 1137. A party subject to civil or criminal contempt sanction is entitled to notice and an opportunity to be heard. *Lasar v. Ford Motor Co.*, 244 F.3d at 1109-10. In *Hanshaw*, the district court imposed a $500,000 fine on the contemnor which the Ninth Circuit concluded was a punitive, criminal sanction. The court stated that before serious criminal penalties can be imposed for a direct or indirect contempt, the contemnor must be afforded the full protection of a criminal jury trial. *Hanshaw*, 244 F.3d at 1138, citing *Bagwell, supra*. *Hanshaw* noted that the Supreme Court has not decided where the line between serious and petty fines should be drawn, but noted that in *Blanton v. City of North Las Vegas, Nev.*, 489 U.S. 538, 544, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989), the Supreme Court implied that $5,000, in 1989 dollars, was the cutoff for a serious fine warranting a jury trial. *Id.*, 244 F.3d at 1139 n. 9, 1140 n. 10.

**I.    Certification of Facts Warranting Contempt Citations Against Harold Kuehn**

      The undersigned magistrate judge finds Defendant Kuehn to be in civil contempt and hereby certifies the following facts to the District Court. On February 2, 2012, the Court conducted a hearing on Plaintiff's Second Motion to Amend Discovery Plan and Scheduling Order. Neither Harold Kuehn nor Thomas Gibson appeared at the hearing. Plaintiff was seeking an extension of the discovery deadlines largely because of Defendants Kuehn and Gibson's failure to comply with the Court's Orders (#18, 54 and 64) compelling production of documents. At the hearing, the Court denied the Motion to Amend the Discovery Plan, but issued an Order to Show Cause (#74), directing Defendants Gibson, Kuehn and their law firm Gibson & Kuehn, LLP to appear in person on February 21, 2012 with all documents and records the Court previously ordered produced. The Court further ordered that Defendants Gibson and Kuehn must make themselves available for deposition by Colony and/or the Fallini Defendants on February 21, 2012. On February 21, 2012, the Court conducted the Show Cause hearing. (*See* #76, Minutes of Proceeding.) Mr. Gibson appeared for the hearing and was directed to sit

for his deposition.  Defendant Harold Kuehn however failed to appear at the hearing and further failed to make himself available for deposition.

Harold Kuehn's failure to appear when ordered is just one of the many instances where Defendant Kuehn has failed to comply with the Court's Order.  The Court has entered at least three discovery Orders (#18, 54 and 64), compelling responses to discovery requests.  Defendant Kuehn has failed to participate in this case in any substantial manner despite the Court's orders.  These facts are clearly sufficient to justify the issuance of an order to Defendant Kuehn to show cause why he should not be held in civil contempt based on his failure or refusal to comply with the Court's Order. Accordingly,

**IT IS HEREBY ORDERED** that  Susan and Joe Fallini's Motion for Order to Show Cause (#79) is **granted** as follows:

1. Fallini Defendants are awarded their reasonable attorney's fees and costs in regard to the filing of this motion for an order to show cause to hold Defendant Harold Kuehn in contempt.

(a) Counsel for the Fallini Defendants shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

(b) Defendant Kuehn shall have 15 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

(c) Counsel for the Fallini Defendants shall have 11 days from service of the responsive memorandum in which to file a reply.

. . .

**RECOMMENDATION**

Based on the foregoing, the Court hereby recommends that the District Court enter an order requiring Defendant Kuehn to show cause why he should not be adjudged in civil contempt by reason of these facts. If Defendant Kuehn fails and refuses to appear before the District Court, the undersigned further recommends a daily fine be imposed on Defendant Kuehn until such time as he has complied with the Court's Order.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 3rd day of April, 2012.

GEORGE FOLEY, JR.
United States Magistrate Judge