# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COLONY INSURANCE CO., | |
| Plaintiff, | Case No. 2:10-cv-01943-KJD-GWF |
| vs. | **ORDER** |
| HAROLD KUEHN, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Memorandum of Attorney's Fees Pursuant to Order Granting Susan and Joe Fallini's Motion for Order to Show Cause (#85), filed on April 11, 2012. To date, Defendant Kuehn has filed no response to the Fallini's Memorandum, and the time for objections has expired.

## BACKGROUND

This case involves a lawsuit for declaratory judgment regarding whether Plaintiff Colony Insurance Company ("Colony") has a duty to defend or indemnify Defendants Harold Kuehn, Thomas Gibson and their law firm, Gibson & Kuehn, LLP, in regard to a legal malpractice action brought against them by Susan and Joe Fallini ("Fallini Defendants"), who are also joined as defendants in this action. On March 5, 2012, the Fallini Defendants filed a Motion for Order to Show Cause (#79) against Defendant Harry Keuhn. On April 4, 2012, the Court granted the motion, recommending contempt to the district court and awarding the Fallini Defendants their reasonable attorney's fees and costs associated with the motion. (*See* #83.) The Fallini Defendants now bring this Memorandum, requesting reimbursement of attorney's fees in the amount of $1,350.

. . .

## DISCUSSION

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

The Fallini Defendants requests a total of $1,350 in fees associated with their Motion to Show Cause. The Fallini Defendants requests reimbursement of attorneys' fees at an hourly rate of $450 for the time of John Ohlsen, Esq., based on Mr. Ohlsen's 40 years of litigation experience in federal and state court. After reviewing the Memorandum of Costs and Fees and the affidavit of John Ohlsen, Esq., the Court finds that the Fallini Defendants have offered sufficient evidence that $450 an hour is a reasonable hourly rate.

Mr. Ohlsen spent 3 hours on the Motion for Order to Show Cause. The Court finds this is a reasonable amount of time to spend preparing the motion. Further, Defendant Kuehn failed to object to the requested fees. "Failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). Based on the reasonable hourly rates discussed above, the Court will award attorneys' fees to the Fallini Defendants in the amount of $1,350. The relevant factors are subsumed in this calculation of the

reasonable attorneys' fees, and there are no other exceptional circumstances which warrant enhancement or reduction of the fees.

**IT IS HEREBY ORDERED** that Defendant Kuehn is ordered to pay the Fallini Defendants the sum total of **$1,350** by **June 1, 2012**

DATED this 1st day of May, 2012.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE